UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:02-cr-0151-02 (LJM/KPF) |
| | ) | |
| QURAN L. SIMS, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on May 17, 2012, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on June 2, 2010, and the Supplemental Petition for Warrant or Summons for Offender Under Supervision, filed March 23, 2012, and to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held May 17, 2012 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Sims appeared in person with his appointed counsel, Gwen Beitz. The government appeared by Jim Warden, Assistant United States Attorney. U. S. Parole and Probation appeared by Troy Adamson, U. S. Parole and Probation officer, who participated in the

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

proceedings. The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Gwen Beitz, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Sims in regard to the pending Petitions.

2. A copy of the Petition for Revocation of Supervised Release and the Supplemental Petition for Revocation of Supervised Release were provided to Mr. Sims and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Sims was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petitions.

4. Mr. Sims was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Sims was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Sims had violated an alleged condition or conditions of his supervised release set forth in the Petitions, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation.

7. Ms. Beitz stated that Mr. Sims would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petitions. Mr. Sims then signed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Sims, by counsel, stipulated that he committed the specified violation set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on June 2, 2010, but not the specified violation numbered 2 set forth in the Supplemental Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on March 23, 2012. The government moved to dismiss specification numbered 2 in the Supplemental Petition, and the Court granted the same. The admitted violation is as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall reside for a period of up to 90 days at a community corrections center as directed by the probation officer and observe the rules of that facility."** |
| | On May 3, 2010, the offender reported to the Volunteers of America in order to begin his 90 day community corrections placement. On May 18, 2010, the offender was given a 6-hour pass to the United States Parcel Service in Muncie, Indiana, for a job interview. The offender left the Volunteers of America at 10 a.m. and was supposed to return at 2 p.m. The offender called the Volunteers of America at 2:30 p.m. to advise he would be late returning from his pass. The offender never returned and his current whereabouts are unknown. |

The Court placed Mr. Sims under oath and directly inquired of Mr. Sims whether he admitted violation of the specifications of his supervised release set forth above. Mr. Sims stated that he admitted the above violation as set forth above.

Counsel for the parties further stipulated to the following:

1) Mr. Sims has a relevant criminal history category of I, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Sims constitutes a Grade A violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Sims is 12-18 months.

4) The appropriate disposition of the case would be a sentence of 24 months in the custody of the Attorney General or his designee, with no supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Quran L. Sims, violated the specified condition of supervised release as delineated above in the Petition to Revoke his supervised release. The defendant's supervised release is therefore **REVOKED** and Quran L. Sims is sentenced to the custody of the Attorney General or his designee for a period of 24 months, with no supervised release to follow. It is recommended by the Magistrate Judge that defendant be designated to the federal institution nearest to defendant's permanent residence.

The Magistrate Judge requests that Troy Adamson, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Sims stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Sims entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the

stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Quran Sims's supervised release.

IT IS SO RECOMMENDED this 22nd day of May, 2012.

---

Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Jim Warden,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Gwen Beitz,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,  IN 46204

U. S. Parole and Probation

U. S. Marshal